# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CATHERINE BORKMAN and
ROLAND BORKMAN,

                **Plaintiffs,**

v.                                                   **Case No:   6:14-cv-721-Orl-31KRS**

THOR MOTOR COACH, INC.,

                **Defendant.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

        This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT THOR'S MOTION TO STRIKE PLAINTIFFS' JURY TRIAL DEMAND (Doc. No. 22)** |
| **FILED:** | **September 19, 2014** |

## I.    BACKGROUND.

        Plaintiffs Catherine and Roland Borkman filed a complaint against Thor Motor Coach, Inc. ("Thor") alleging violation of the Magnuson-Moss Act, 15 U.S.C. § 2301, *et seq.*, and a civil action under Florida Statute § 320.838.   They allege that they purchased a new 2013 Thor Motor Coach Four Winds 24C (the "Subject Vehicle") from Camping World RV Sales.   Doc. No. 2 ¶ 5 & Ex. A. The Subject Vehicle had a one-year limited warranty provided by Thor.   *Id.* ¶ 6 & Ex. B.   They allege that the Subject Vehicle was defective in materials and workmanship.   *Id.* ¶ 9 & Ex. C. They further allege that Thor has failed to cure the defects.   *Id.* ¶¶ 23, 29.

Under the Magnuson-Moss Act, the Borkmans seek an order requiring Thor to accept return of the Subject Vehicle and refund the purchase price, together with any and all incidental and consequential damages.   *Id.* at 5.   In the section 320.838 claim, the Borkmans seek an order requiring Thor to compensate them for the cost of repairs to the Subject Vehicle as well as court costs and reasonable attorney's fees.   *Id.* at 6.   The Borkmans demand a jury trial as to both causes of action.   *Id.*

Thor filed the above-referenced motion to strike the jury trial demand.   It argues that each of the statutory causes of action do not provide for a trial by jury, these causes of action did not exist at common law, and that a trial by jury does not extend to actions that seek equitable relief unless explicitly authorized by statute.   Doc. No. 22.   The Borkmans filed a response to the motion.   Doc. No. 23.   With leave of Court, Thor filed a reply memorandum.   Doc. Nos. 25, 26. The motion has been referred to the undersigned for issuance of a Report and Recommendation.

## II.   ANALYSIS.

> The Seventh Amendment provides that, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ."   The Court has construed this language to require a jury trial on the merits in those actions that are analogous to "Suits at common law."   Prior to the Amendment's adoption, a jury trial was customary in suits brought in the English *law* courts.   In contrast, those actions that are analogous to 18th-century cases tried in courts of equity or admiralty do not require a jury trial.   This analysis applies not only to common-law forms of action, but also to causes of action created by congressional enactment.

*Tull v. United States*, 481 U.S. 412, 417 (1987) (internal citations omitted).   When determining whether statutory causes of action carry the right to a jury trial, this Court must engage in a two-step analysis.[1]   "First, the court must compare the causes of action before it to the 18th-century

---

[1] Thor's argument that statutory causes of action created after 1791 do not carry a right to a jury trial in any circumstance is incorrect.   In *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996),

actions brought in the courts of England prior to the merger of the courts of law and equity." *Sparger v. Newmar Corp.*, No. 12-81347-CIV, 2014 WL 4206777, at *1 (S.D. Fla. Aug. 25, 2014) (citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 579 (1990)). "Second, the court must examine whether the nature of the remedy sought is legal or equitable. The second inquiry is more important." *Id.* (citations omitted).

   A. *Magnuson-Moss Act Claim.*

  The Magnuson-Moss Act does not provide for trial by jury.  Therefore, the Court must apply the two-step analysis to determine whether this claim carries a right to a jury trial.

  In *Sparger*, the court considered whether the Magnuson-Moss Act was analogous to claims at common-law that carried the right to trial by jury.  The court concluded that there was "[a] body of law governing the liability of sellers who sold goods disappointing to the buyers" that had "existed in England since the medieval times." *Id.* at *2 (citing 1 The Law of Prod. Warranties § 1.1).  "[A]n action sounding either in tort or contract was available to establish liability for a breach of warranty," both of which were actions at law. *Id.*  Nevertheless, the court found that the plaintiffs' claim for violation of the Magnuson-Moss Act was equitable in nature because plaintiffs were essentially looking for rescission of the purchase transaction.  Because the Magnuson-Moss claim sought equitable relief, the court concluded that plaintiffs did not have a right to a jury trial. *Id.*

  In the present case, the Borkmans seek return of the Subject Vehicle and refund of the purchase price as relief for their Magnuson-Moss Act claim.  This relief is essentially a request

---

relied on by Thor, the Supreme Court wrote: "'First we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity.'" *Id.* at 377 (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989)).  In *Markman*, the Court found that statutory patent infringement actions descended from infringement actions tried at law in the 18th century and, thus, carry the right to trial by jury. *Id.*  It further concluded that the construction of a patent claim was historically a matter to be resolved by the Court. *Id.* at 384.

for rescission of the purchase transaction, which is a claim in equity as discussed in *Sparger*. Because no right of jury trial existed for claims in equity, the Borkmans do not have a right to a jury trial on the Magnuson-Moss Act claim.   *See also Hart v. Newmar Corp.*, No. 08-81128-CIV, 2009 WL 2151210, at *2 (S.D. Fla. July 16, 2009) (finding that a request for diminution of damages up to the full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages and reasonable attorney's fees and costs to be a form of equitable relief under the Magnuson-Moss Act that did not carry the right to a jury trial).

      B.    *Florida Statutory Claim.*

Florida Statute § 320.838 provides as follows:

> Notwithstanding the existence of other remedies, a buyer may bring a civil suit for damages against a responsible party who fails to satisfactorily resolve a warranty claim.   Damages shall be the actual costs of remedying the defect.   Court costs and reasonable attorney fees may be awarded to the prevailing party.   When the court finds that failure to honor warranty claims is a consistent pattern of conduct of the responsible party, or that the defect is so severe as to significantly impair the safety of the mobile home, it may assess punitive damages against the responsible party.

Section 320.838 does not by its terms provide for a right to a jury trial.   The question of whether this cause of action carries the right to a jury trial in federal court "'is determined as a matter of federal law.'"   *Hart*, 2009 WL 2151210, at *1 (quoting *Ford v. Citizens & S. Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir. 1991)(internal quotation omitted).

As discussed above, in *Sparger* the court determined that a claim for breach of warranty existed at common-law.   The claim for relief under section 320.838 is one for damages consisting of the "actual costs of remedying the defect."   Fla. Stat. § 320.838.   Suits for damages were historically considered suits seeking a remedy at law rather than equitable relief.   *See, e.g., Curtis*

*v. Loether*, 415 U.S. 189, 195 (1974).   Therefore, the Borkmans have a right to a jury trial on this claim unless they have waived that right.

        *C.*      *Waiver of Right to a Jury Trial.*

        Thor contends that the Borkmans waived their right to a jury trial in the purchase contract they entered into with Camping World RV Sales.   Paragraph 15 of the purchase contract, which is on the reverse side of the contract, states as follows: "<u>WAIVER OF JURY TRIAL</u>.   I agree that any and all actions of any kind relating to the item(s) sold will be decided by a circuit court judge, rather than a jury."   Doc. No. 4-2 ¶ 15.   The purchase contract the Borkmans entered into with Camping World RV Sales also provides as follows:

> No Dealer Warranty Comes With Or Applies To This Vehicle. This vehicle is sold by Dealer "AS IS" with no Dealer guarantee or warranty, implied or express.   As to any manufacturer(s) written warranty(s) applicable to this vehicle or its components, Dealer does not adopt or affirm it in any respect.

*Id.* at 1.

        The Borkmans argue that nothing in the purchase contract limits any claims or rights they may have against the manufacturer of the Subject Vehicle—Thor—and, therefore, that they could not have knowingly and voluntarily waived any rights against Thor by signing the purchase contract.   They also assert that any alleged waiver is unenforceable under Florida Statute § 320.839.

        The cases on which Thor relies to support its waiver argument do not present facts and issues similar to those in the present case.   In *Powers v. Lazy Days RV Center, Inc.*, Case No. 8:05-cv-1542-T-17EAJ, Doc. No. 39 (M.D. Fla. June 20, 2006), and *Chmura v. Monaco Coach Corp.*, Case No. 8:04-cv-2054-T-24MAP, Doc. No. 66 (M.D. Fla. July 1, 2005), it appears that

the plaintiffs did not argue that they did not knowingly and voluntarily waive their right to a jury trial.   In *Sparger*, the court did not discuss waiver of the right to a jury trial.

In *Stewart v. Winnebago Industries, Inc.*, Case No. 6:06-cv-1719-28DAB, Doc. No. 33 (M.D. Fla. Jan. 10, 2008), a judge of this Court found that the plaintiffs knowingly and voluntarily waived a right to a jury trial under the Magnuson-Moss Act, without deciding whether a right to a jury trial existed, by signing a Buyers Order that set forth the waiver of jury trial in all capital letters, which waiver appeared "within inches of the paragraph pertaining to Manufacturer's Warranties . . . ."  *Id.* at 3.   In contrast, in the present case Camping World RV Sales expressly stated in the purchase contract that it did not adopt or affirm the manufacturer's written warranty. Moreover, the waiver of jury trial provision was in the same typeface as other provisions in the purchase agreement, other than paragraph 10, which is in bold-faced type, and which reads in part as follows: "**I UNDERSTAND AND AGREE THAT THE EXPRESS TERMS OF THE MANUFACTURER(S) WRITTEN WARRANTY(S), TO THE EXTENT ANY EXIST AND APPLY TO THIS VEHICLE, CONTAIN AND CONSTITUTE MY EXCLUSIVE AND SOLE REMEDY FOR ANY PROBLEMS OR DEFECTS THIS VEHICLE MIGHT CONTAIN.**"   Doc. No. 4-2 ¶ 10.   Because the contractual language in *Stewart* differs from the language in the purchase contract the Borkmans signed, I recommend that the Court find that the conclusion in *Stewart* is not persuasive in resolving the waiver issue in this case.

In this case, issues of fact must be resolved in order to determine whether the Borkmans knowingly and voluntarily waived their right to a jury trial.   Motions to strike should not be used to determine disputed issues of fact.   *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *Brown v. Joiner Int'l, Inc.*, 523 F. Supp. 333, 336 (S.D. Ga. Sept. 26, 1981).   For these reasons, I recommend that the Court find that the record is insufficient

at this time to resolve the question of whether the Borkmans waived their right to a jury trial as to their claims against Thor.[2]

## III.    RECOMMENDATION.

For the reasons stated above, I respectfully recommend that the Court **GRANT** in part Defendant Thor's Motion to Strike Plaintiffs' Jury Trial Demand, Doc. No. 22, **STRIKE** the demand for a jury trial as to the Magnuson-Moss Act claim in Count I of the complaint, and **DENY** the motion without prejudice in all other respects.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 17th, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] If the Court determines that the Borkmans waived their right to a jury trial as to warranty claims against Thor, then the Court would need to determine whether the waiver is unenforceable under section 320.839.   Section 320.839 reads as follows:

> The warranty provided for in this act shall be in addition to, and not in derogation of, any other rights and privileges which the buyer may have under any other law or instrument.   The manufacturer, dealer or supplier shall not require the buyer to waive his or her rights under this act or any other rights under law.   Any such waiver shall be deemed contrary to public policy and unenforceable and void.